# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>*Pro Se* Plaintiff,<br><br>v.<br><br>YAKIM JORDAN, MJ MINISTRIES SPREADING THE GOSPEL, INC., MJ MINISTRIES, LLC, STEVEN SLEDGE, AARON JORDAN, NAOMI COOK, LUTHER MCKINSTRY, FRANK JULIANO, JONATHAN FOREMAN, JESSE SPENCER, WARREN TAYLOR, SERVING HANDS COMMUNITY DEVELOPMENT CORPORATION, and JOHN/JANE DOES 1-5,<br><br>Defendants. | CASE NO.: 1:22-cv-1419-WMR |

## MJ MINISTRIES DEFENDANTS'[1] EMERGENCY MOTION TO QUASH PLAINTIFF'S THIRD-PARTY SUBPOENAS AND FOR CONTEMPT AND SANCTIONS

---

[1] MJ Ministries Spreading the Gospel, Inc., Steven Sledge, Aaron Jordan, Naomi Cook, Luther McKinstry, and Wayne Taylor (hereinafter, "Defendants" or the "MJ Ministries Defendants").

The MJ Ministries Defendants hereby move the Court—on an emergency basis under Local Civil Rule 7.2(B)—for an order: (1) quashing Plaintiff's outstanding third-party subpoenas (if any still exist); (2) requiring Plaintiff to delete all banking and other information obtained via subpoenas that were issued without notice in violation of Rule 45 and this Court's last order; and (3) sanctioning Plaintiff for violating the Federal Rules and the Court's last order, including awarding the MJ Ministries Defendants the fees associated with bringing this motion (ECF No. 55).

As explained below, Plaintiff issued subpoenas without any notice to Defendants in plain violation of Rule 45 and this Court's last order. And he did so to avoid Defendants' inevitable objections to his requests. Plaintiff's subpoenas did not seek "evidence from third-party phone service providers"—the only topic the Court permitted Plaintiff to explore before possibly moving for reconsideration of its order granting Defendants summary judgment. *See* ECF No. 55, at 1. Instead, Plaintiff's subpoenas sought *private banking records*. The only reason Defendants even learned about the subpoenas is that they received a letter from their bank (days after the documents were apparently already produced). Defendants therefore seek relief on an emergency basis, and good cause supports it many times over. No one—not even *pro se* litigants, especially ones like Plaintiff who have filed *hundreds*

of federal cases[2]—can secretly abuse the Court's subpoena power to rummage through private records they could have never obtained in the ordinary course of discovery. And Plaintiff certainly shouldn't be permitted to do so after failing to engage in *any* timely discovery for eleven months and then waiting until the very end of the 90 days the Court graciously gave him to avoid dismissal.

Plaintiff intentionally violated this Court's order and the Federal Rules, so the Court should grant Defendants' motion in full.

## RELEVANT BACKGROUND[3]

**A. The Court gives Plaintiff three months to issue subpoenas to "third-party phone service providers" as a final chance to revive the claims he lost on summary judgment.**

In this long-standing action, Plaintiff alleges that Defendants called him several times in purported violation of the TCPA and the Texas Business Commerce Code (TBCC). Defendants have consistently denied all those allegations for one core reason: They did not place any of the calls at issue.

Plaintiff had *eleven months* of discovery to prove that Defendants did place those calls. But during that period, Plaintiff didn't conduct any timely discovery

---

[2] Search for "Craig Cunningham," LAW360.COM, https://www.law360.com/search/cases? facet=&page=1&per_page=20&q=%22 Craig+cunningham%22 (last visited Feb. 19, 2024) (listing over 200 federal cases filed by "Craig Cunningham").

[3] Defendants provide a truncated background but direct the Court to Co-Defendants' Motion for Reconsideration, which they joined, for more detail. *See* ECF No. 56.

3

whatsoever.  Defendants thus moved for summary judgment on the grounds that Plaintiff didn't prosecute his action during the discovery period and had produced no evidence linking Defendants to the alleged calls.  Defendants also pointed to Plaintiff's filing of a second, duplicative lawsuit in the United States District Court for the Eastern District of Texas in which Plaintiff pursues claims for *same* alleged calls at issue, admitting that unknown third parties—not Defendants—placed them.  *Compare Cunningham v. Telemarketers*, No. 4:23-cv-00216, ECF 1 at 1 (E.D. Tex., Mar. 17, 2023) (alleging similar causes of action based on alleged calls from "401-252-5229, 615-453-1864, 954-226-3817," etc.), *with* ECF Nos. 42-3 through 42-12 (undisputed declarations showing that Plaintiff alleges he received calls here from same phone numbers).  The Court granted Defendants' motion for summary judgment (which Plaintiff never bothered responding to) in full.

Plaintiff then unsuccessfully appealed the order and moved for an untimely extension to complete discovery.  ECF No. 45.  The Court granted that extension, giving him three months (90 days) to issue no more than 10 subpoenas to "so that he may obtain evidence ***from third-party phone service providers***."  ECF No. 55 (emphasis added).

Defendants later moved the Court to reconsider its order giving Plaintiff this additional discovery after it had already granted summary judgment, including because Plaintiff already had a chance to issue the subpoenas in the duplicative

*Cunningham v. Telemarketers* case (a fact the Court was unaware of) in September 2023, and they apparently tied none of Defendants here to the calls. *See* ECF Nos. 56-57. Plaintiff never responded to Defendants' motion for reconsideration, and it remains pending.

**B. Plaintiff doesn't subpoena any "phone service providers" for months—deciding instead to wait until the last few weeks of his 90 days to subpoena Defendants' bank without providing any notice under Rule 45.**

Defendants did not hear from Plaintiff after they moved for reconsideration until January 29, 2023. On that date, Plaintiff called the undersigned counsel to explore settlement. Keilson Decl., ¶¶ 2-3. Plaintiff specifically discussed and asked about Defendants' financial means to fund payment to him during that call. *Id.* The undersigned responded that Defendants ability to pay was irrelevant. *Id.* Defendants did not place the calls and were unlikely to offer Plaintiff any money as result, particularly after he didn't prosecute his claims after forcing them into litigation. *Id.* At no point during the call did Plaintiff mention his intention to issue any subpoenas under the Court's order. *Id.* ¶¶ 4-5. Nor did Plaintiff say that he had issued any. *Id.*

On February 15, 2023, Defendant MJ Ministries Spreading the Gospel, Inc. received a letter from Bank of America (BOA). Keilson Decl., Ex. 1. The letter (dated February 9, 2024) stated that BOA would respond to Plaintiff's subpoena by February 9, 2024 (the same date of the letter) unless a court order instructed them otherwise. *Id.* The letter was the first notice Defendants had received that Plaintiff

5

had subpoenaed their bank for records. *Id.* They could do nothing about it either, as the production date had passed before they even received the letter. *Id.*

Defendants were also concerned when they finally received the letter—not because the banking information has anything to do with this case, but because it could reveal information about their religious congregants and other confidential information. This information could include names and account information, all of which Defendants told their congregations it would keep private and confidential.

Defendants now move the Court for relief to remediate the results of Plaintiff's misconduct and sanction him for the same.

## **ARGUMENT**

For several emergent reasons, Defendants ask the Court to quash any remaining subpoenas and require Plaintiff to delete the banking information he secretly obtained from BOA and any other financial institutions, as they contain highly private information about religious congregants. Defendants also ask for sanctions and a contempt order given Plaintiff's flagrant violations of the Federal Rules and the Court's November 30, 2023 order. The clear intent behind his misconduct—to either harass Defendants or gauge how much they can "pay" to see if litigating this case is still worth it, notwithstanding the merits—underscores why this relief is required, particularly against this vexatious *pro se* litigant who's filed 200 cases in federal court and will surely repeat his conduct if not sanctioned.

*First*, the Court should quash any remaining subpoenas Plaintiff secretly issued because he failed to provide defendants with "notice and a copy of the subpoena" as strictly required by Rule 45(a)(4). *See Gonzalez v. RFJD Holding Co.*, 2014 WL 12600141, at *2 (S.D. Fla. Sept. 2, 2014) (quashing third-party subpoena because plaintiffs "failed to comply with the mandatory prior notice provision of Fed. R. Civ. R 45(a)(4)"); *Mirra v. Jordan*, 2014 WL 2511020, at *3 (S.D.N.Y. May 28, 2014) ("[T]he notice provision is mandatory and failure to abide by this requirement constitutes grounds to quash a subpoena.").

*Second*, the Court should require Plaintiff to immediately delete any and all private banking information he secretly obtained via subpoena without any notice. Several other courts have ordered this exact type of relief in similar situations. *See, e.g.*, *Peters v. Elsheikh*, 2021 WL 6882402, at *2 (M.D. Ala. Dec. 9, 2021) (noting courts may "bar[ the] use of the obtained information" when litigants are prejudiced by the failure to provide adequate notice under Rule 45(a)(4)"); *Boyington v. Percheron Field Servs., LLC*, 2016 WL 2758293, at *3-4 (W.D. Pa. May 12, 2016) (ordering party "to destroy any documents obtained in response to the subpoenas issued in violation of FRCP 45(a)(4)" and "file a certificate of destruction with the Court within seven days").

*Third*, the Court should sanction Plaintiff for his flagrant and intentional misconduct: obtaining highly sensitive banking information without regard for the

Federal Rules or the Court's orders. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Still, once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."). For one, Plaintiff failed to provide notice under Rule 45, which alone is sanctionable because "any violation of Rule 45, regardless of whether it is committed in bad faith, is a serious violation of the federal rules which deprives opposing counsel of the important opportunity to inspect and object to third party subpoenas." *See Boyington*, 2016 WL 2758293, at *3-4; *see also Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 377-78, 387 (7th Cir. 2008) (affirming imposition of sanctions where plaintiff failed to provide defendant with copies of third-party subpoenas and did not provide defendant with copies of the documents received, as here). That's especially true considering Plaintiff's extensive litigation history and the prejudice Defendants (and their congregants) have suffered from Plaintiff's secret misconduct. *Peters v. Elsheikh*, 2021 WL 6882402, at *2 (M.D. Ala. Dec. 9, 2021) ("A court may impose 'economic sanctions' for violations of Rule 45(a)(4) where the 'affected party suffered prejudice as a result of the lack of notice.'"). Indeed, by the time Defendants knew about Plaintiff's subpoena for their banking information, it was too late because the production had already occurred (according to the BOA letter).

Plaintiff should also be held in contempt for violating the Court's last order (ECF No. 55), which, given that discovery had closed and summary judgment had already been granted against him, allowed Plaintiff to subpoena *only* information from "third-party phone service providers." *See Georgia Power Co. v. NLRM*, 484 F.3d 1288,1291 (11th Cir. 2007) (noting contempt requires showing that the violated order was (1) valid and lawful; (2) clear unambiguous; and (3) violator had the ability to comply with it). There's no dispute that the Court's order was valid. There's even less doubt that it was unambiguous—it expressly provides that Plaintiff may only issue subpoenas to seek **one** category of information: "evidence from third-party phone service providers." *See* ECF No. 55. And Plaintiff had the ability to comply with the order but didn't. He subpoenaed **no** phone service providers during the 90 days the Court gave him,[4] and instead sought banking information right after the undersigned counsel refused to provide information about Defendants' financials. The timeline of events shows the malintent behind Plaintiff's actions and warrants severe sanctions, including the fees and costs of bringing this motion. *See Hi-Tek Bags, Ltd. v. Bobotron Int'l, Inc.*, 144 F.R.D. 379, 383 (C.D. Cal. 1992) (awarding sanctions for contempt to "compensate the violator's 'adversary for the injuries [that] result from the non-compliance,' and to deter further abuses"); *see*

---

[4] To the extent Plaintiff did send those subpoenas, Defendants know nothing about them because they didn't receive notice.

9

*also Mahboob v. Educ. Credit Mgmt. Corp.*, 2021 WL 818971, at *3 (S.D. Cal. Mar. 2, 2021) (recommending an award of attorneys' fees and costs incurred in bringing the sanctions motion).[5]

At bottom, there's no excuse for Plaintiff's actions, especially given the other misconduct it follows (failing to prosecute a case and then filing a copy-cat version in another jurisdiction). The Court should grant this motion.

### CONCLUSION

Plaintiff cannot use a TCPA case that's purportedly about invasions of privacy to commit far worse privacy abuses against Defendants—secretly subpoenaing banking records that contain private information about religious congregants in violation of Court order and the Federal Rules.

The Court thus should grant this emergency motion and enter an order: (1) quashing any outstanding third-party subpoenas (if they exist); (2) requiring Plaintiff to delete all banking information obtained via subpoenas that were issued without notice; (3) sanctioning Plaintiff for flagrant violations of the Federal Rules and the Court's last Order, including awarding Defendants the fees associated with bringing this motion (ECF No. 55); and (4) any other relief the Court deems just and proper.

*[Signature Appears on Following Page]*

---

[5]  The Court can sanction Plaintiff under its own inherent authority too. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) ("Courts have the inherent power to police those appearing before them.").

Dated: February 19, 2024.

         *Respectfully submitted,*

         **WATSTEIN TEREPKA LLP**

         By: */s/ Matthew A. Keilson*
         Ryan D. Watstein
         Georgia Bar No. 266019
         *ryan@wtlaw.com*
         Matthew A. Keilson
         Georgia Bar No. 216676
         *mkeilson@wtlaw.com*
         1055 Howell Mill Road, 8th Floor
         Atlanta, Georgia 30318
         Tel. (404) 782-0695

         *Counsel for Defendants MJ Ministries Spreading the Gospel, Inc., Steven Sledge, Aaron Jordan, Naomi Cook, Luther McKinstry, and Wayne/Warren Taylor*

## CERTIFICATE OF COMPLIANCE

Under Local Civil Rule 7.1, this is to certify that the foregoing document complies with local requirements set forth by Local Civil Rule 5.1.

## CERTIFICATE OF SERVICE

I certify that on February 19, 2024, I caused a true and correct copy of the foregoing document to be served on counsel of record for all parties and *pro se* Plaintiff via e-filing using the Clerk of Court's CM/ECF system and via US Mail with adequate postage attached addressed as follows:

Craig Cunningham
3000 Custer Road
Suite 270-206
Plano, Texas 75075
*Pro se Plaintiff*

Parks K. Stone
Devin P. Arnold
WILSON ELSER MOSKOWITZ EDELMAN AND DICKER LLP
3348 Peachtree Road NE, Suite 1400
Atlanta, GA 30326
parks.stone@wilsonelser.com
devin.arnold@wilsonelser.com

*Counsel for Defendants Serving Hands Community Development Corporation, Frank Juliano, Jonothan Foreman, and Jesse Spencer*

*/s/ Matthew A. Keilson*
Matthew A. Keilson