# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>    Plaintiff,<br><br>v.<br><br>YAKIM JORDAN, MJ MINISTRIES SPREADING THE GOSPEL, INC., MJ MINISTRIES, LLC, STEVEN SLEDGE, AARON JORDAN, NAOMI COOK, LUTHER MCKINSTY, FRANK JULIANO, JONATHAN FOREMAN, JESSE SPENCER, WARREN TAYLOR, SERVING HANDS COMMUNITY DEVELOPMENT CORPORATION, and JOHN/JANE DOES 1-5,<br>    Defendants. | CASE NO.: 1:22-cv-1419 |

## MJ MINISTRIES DEFENDANTS'[1] NOTICE
## OF FILING OF DOCUMENTATION SUPPORTING
## AWARD OF FEES, COSTS, AND OTHER RELIEF

Pursuant to the Court's February 21, 2025 Order (ECF No. 80) on the MJ Ministries Defendants' Motion for Contempt and Sanctions (ECF No. 77) (the

---

[1] MJ Ministries Spreading the Gospel, Inc., Steven Sledge, Aaron Jordan, Naomi Cook, Luther McKinstry, and Wayne Taylor (hereinafter, the "MJ Ministries Defendants").

"Motion"), the MJ Ministries Defendants hereby submit documentation—an attorney declaration and billing statements—supporting their award of fees and costs associated with bringing their Motion.

In the Order, the Court also ordered that "the MJ Ministries Defendants shall submit paperwork detailing . . . any other relief they believe is appropriate under the circumstances." *Id.* at 2. The MJ Ministry Defendants therefore also seek: (1) civil fines of $300 per day, up to a maximum of $15,000, until Plaintiff has purged himself of contempt; and (2) a $2,500 civil fine for Plaintiff's most recent intentional, bad-faith conduct to obstruct compliance with the Order, as detailed below. The MJ Ministry Defendants state the following in support of this request:

1. Plaintiff has a "history of non-compliance with this Court's orders." ECF No. 80 at 3.

2. This series of contempt proceedings began with Plaintiff's "intentional failure to comply with the Court's Order and the Federal Rules of Civil Procedure when he served subpoenas on improper parties and without notice," for which the Court granted sanctions of $11,467.50 to be paid within 30 days of November 1, 2024. ECF No. 75 at 3, 5.

3. Plaintiff then failed to pay the $11,467.50 or any portion thereof by the Court's deadline or within weeks thereafter. ECF No. 80 at 2. Plaintiff did not even file a response to the MJ Ministry Defendants' motion for contempt and sanctions (ECF No. 77) or otherwise attempt to explain his non-compliance.

4. On February 21, 2025, the Court awarded additional sanctions and found Plaintiff in civil contempt of its November 1, 2024 Order. ECF No. 80 at 3.

5. On February 26, 2025, Plaintiff delivered a check for $11,467.50. But the check and the circumstances of its delivery and receipt were highly problematic.

6. For one, Plaintiff delivered the check to the wrong office. He sent it to the office of Hawkins Parnell & Young LLP ("Hawkins Parnell"). But as Plaintiff knows because he's discussed it with the undersigned repeatedly, Hawkins Parnell withdrew from this case *years ago*, on October 26, *2022*. ECF No. 36. Hawkins Parnell informed counsel for the MJ Ministry Defendants that it had received a check from Plaintiff, and counsel sent a paralegal to Hawkins Parnell's office to retrieve it.

7. Plaintiff also made the check payable to the *wrong party*, preventing the MJ Ministry Defendants from depositing it. He designated the payee as "Yakim Jordan" instead of any one of the six MJ Ministry Defendants. Plaintiff knows, however, that the MJ Ministry Defendants have never included Yakim Jordan. He also knows that the MJ Ministry Defendants' counsel have *never* represented Yakim

Jordan—an issue the parties discussed at least a half-dozen times. Yakim Jordan did not even move for contempt. Nor did the Court award him any sanctions.

8. In other words, Plaintiff delayed his payment of the sanctions award for months, forcing the MJ Ministry Defendants to once again move for contempt. Then, when he finally made that payment, he not only sent it to the wrong office but made it payable to the wrong party, making it impossible to deposit. The only reasonable conclusion is that Plaintiff's conduct is intentional gamesmanship.

9. On March 3, 2025, counsel for the MJ Ministry Defendants wrote to Plaintiff and requested that Plaintiff wire the $11,467.50 to the MJ Ministry Defendants' trust account by March 5, 2025 to resolve this issue without further Court intervention.

10. On March 4, 2025, Plaintiff suggested he would submit the wire and requested banking information. Counsel for the MJ Ministry Defendants provided it. Plaintiff has still failed to wire any of the funds.

11. In sum, Plaintiff has, to date, failed to pay the $11,467.50 or any portion thereof to the MJ Ministry Defendants by wire, check, or any other means.

12. Plaintiff's repeated, intentional, and continuing violations of this Court's orders demonstrate a lack of professionalism and clear disrespect for the Court's authority. Plaintiff has made no attempt to explain his non-compliance. Even

after the Court found him in contempt, Plaintiff took further intentional, bad-faith acts to delay and obstruct compliance. Plaintiff's violations require coercive sanctions to ensure prompt compliance with this Court's orders and restore respect for the Court.

13. "The court has the power to impose coercive and compensatory sanctions." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991). "When fashioning a sanction to secure compliance, a district court should consider the character and magnitude of the harm threatened by continued contumacy and the probable effectiveness of any suggested sanction in bringing about the result desired." *Id.* (quotation omitted). A district court has "numerous options" to sanction contempt, including: "a coercive daily fine," "a compensatory fine," "attorney's fees and expenses," and "coercive incarceration." *Id.* (collecting cases).

14. This Court routinely imposes such measures for continuing civil contempt. *See, e.g.*, *Acosta v. Jasper Contractors*, 2017 WL 8186721, at *3 (N.D. Ga. July 24, 2017) ($1,000 daily fine, up to $30,000 maximum, for failure to produce documents); *Hugler v. Jasper Contractors*, 2017 WL 8186737, at *15–17 (N.D. Ga. June 8, 2017) (same), *R&R adopted*, 2017 WL 8186721 (N.D. Ga. July 24, 2017); *SEC v. Torchia*, 2017 WL 4423416, at *4 (N.D. Ga. Feb. 2, 2017) ($500 daily fine

for failure to execute an assignment of interest); *Acosta v. Eagle Eye Commc'ns*, 2018 WL 4474640, at *3 (N.D. Ga. June 7, 2018) ($500 daily fee for failure to comply with subpoena), *R&R adopted*, 2018 WL 4481971 (N.D. Ga. July 11, 2018); *Laureate Educ. v. Laureate Learning Ctr.*, 2018 WL 11355766, at *1 (N.D. Ga. Mar. 30, 2018) ($500 daily fine for violating permanent injunction against trademark violations); *Hugler v. Guard Servs. Int.*, 2017 WL 11048839, at *1 (N.D. Ga. Mar. 22, 2017) ($500 daily fine for failure to produce documents); *Dixon v. Adams*, 2022 WL 18777569, at *2 (N.D. Ga. Dec. 9, 2022) ($250-$400 daily fine for failure to sit for deposition); *Brennan v. Summer WWK*, 2022 WL 20303469, at *2 (N.D. Ga. Aug. 17, 2022) ($250 daily fine for failure to pay funds).

15.   The relief the MJ Ministry Defendants seek is therefore appropriate here.[2]

---

[2] The MJ Ministry Defendants further believe that a warning that the Court is empowered to enforce its orders by issuing bench warrants for a civil contemnor's arrest is appropriate here. *See, e.g.*, *Williams v. Elleven45 Lounge*, 2023 WL 11911461, at *2–3 (N.D. Ga. Feb. 22, 2023) (issuing arrest warrant for "continued non-compliance" with discovery order and for ignoring contempt proceedings); *SEC v. Lawler*, 2017 WL 11634371, at *5 (N.D. Ga. June 29, 2017) (similar); *Torchia*, 2017 WL 4423416, at *4 (failure to purge contempt within 12 days would result in arrest); *Dixon*, 2022 WL 18777569, at *2 (failure to purge contempt within 37 days would result in arrest).

16. They accordingly ask the Court to:

    a. Order Plaintiff to pay $6,887.00 in fees and $10.49 in costs pursuant to the Court's February 21, 2025 Order awarding further sanctions (ECF No. 80); and

    b. Impose: (1) fines of $300 per day, up to a maximum of $15,000, until Plaintiff has purged himself of contempt (including by paying all funds he owes to the MJ Ministries Defendants);[3] (2) a $2,500 civil fine for Plaintiff's most recent intentional, bad-faith conduct to obstruct compliance with the Order, as discussed above; and (3) any other relief the Court believes just and proper to ensure prompt compliance and restore respect for its authority.

*[Signature on Following Page]*

---

[3] The Court should consider imposing this fine retroactively from the date of the Court's February 21, 2025 Order in light of Plaintiff's subsequent bad-faith gamesmanship and non-compliance.

Respectfully submitted this 7th day of March 2025.

                                                  */s/ Matthew A. Keilson*
                                                  Ryan D. Watstein
                                                  Georgia Bar No. 266019
                                                  ryan@wtlaw.com
                                                  Matthew A. Keilson
                                                  Georgia Bar No. 216676
                                                  *mkeilson@wtlaw.com*
                                                  WATSTEIN TEREPKA, LLP
                                                  1055 Howell Mill Road, 8th Floor
                                                  Atlanta, Georgia 30318
                                                  Tel. (404) 782-0695

                                                  *Counsel for MJ Ministries Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on March 7, 2025, I caused a true and correct copy of the foregoing document to be served on counsel of record for all parties and *pro se* Plaintiff as follows:

Craig Cunningham
3000 Custer Road
Suite 270-206
Plano, TX 75075
projectpalehorse@hushmail.com

*Pro se Plaintiff*

Parks K. Stone
Devin P. Arnold
WILSON ELSER MOSKOWITZ EDELMAN AND DICKER LLP
3348 Peachtree Road NE, Suite 1400
Atlanta, GA 30326
parks.stone@wilsonelser.com
devin.arnold@wilsonelser.com

*Counsel for Defendants Serving Hands Community Development Corporation*

<u>/s/ Matthew A. Keilson</u>
Matthew A. Keilson