IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>   Plaintiff,<br><br>               v.<br><br>YAKIM JORDAN, MJ MINISTRIES SPREADING THE GOSPEL, INC., MJ MINISTRIES, LLC, STEVEN SLEDGE, AARON JORDAN, NAOMI COOK, LUTHER MCKINSTY, FRANK JULIANO, JONATHAN FOREMAN, JESSE SPENCER, WARREN TAYLOR, SERVING HANDS COMMUNITY DEVELOPMENT CORPORATION, and JOHN/JANE DOES 1-5,<br><br>   Defendants. | CIVIL ACTION NO.<br>1:22-cv-01419-WMR |

## ORDER

This matter is before the Court on Defendants Steven Sledge, Aaron Jordan, Naomi Cook, Luther McKinstry, Wayne Taylor, and MJ Ministries Spreading the Gospel, Inc.'s (collectively, the "MJ Ministries Defendants") Motion for Contempt and Sanctions [Doc. 77] for Plaintiff's failure to comply with an earlier Order from this Court. This Court granted that Motion, finding Plaintiff to be in civil contempt and awarding sanctions. [Doc. 80]. The MJ Ministries Defendants have provided

documentation supporting their award of fees, per the Court's request. [Doc. 82]. For the reasons discussed herein, Plaintiff is **ORDERED** to pay MJ Ministries Defendants an additional $6,887.00 in fees and $10.49 in costs.

## I.     BACKGROUND

This Court granted sanctions against Plaintiff in November of 2024. [Doc. 75]. Plaintiff had served subpoenas on improper parties and without notice; the MJ Ministries Defendants filed their Emergency Motion to Quash Plaintiff's Third-Party Subpoenas and for Contempt and Sanctions ("Emergency Motion") in the amount of $11,467.50 in response. [Doc. 58]. The Court granted the Emergency Motion and ordered Plaintiff to pay the amount within one month of the Order. [Doc. 75]. The Clerk entered an Attorney Fee Judgment the same day. [Doc. 76].

Plaintiff failed to pay the amount, or any portion, by the deadline of December 1, 2024. The MJ Ministries Defendants filed an additional Motion for Contempt and Sanctions in January of 2025 in light of Plaintiff's failure to comply. [Doc. 77]. In a February 2025 Order, this Court granted that Motion and found Plaintiff in civil contempt of the Court's November 2024 Order. [Doc. 80 at 3]. The Court also instructed MJ Ministries Defendants in its February 2025 Order to provide, within 14 days, paperwork detailing the fees and costs incurred in connection with their Emergency Motion and any other relief they deem appropriate. [*Id.*]. The MJ Ministries Defendants have done so. *See* [Doc. 82].

## II. LEGAL STANDARD

Vested in federal courts is the inherent power to enforce compliance with their lawful orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *Citronelle-Mobile Gathering, Inc*. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991). Pursuant to 18 U.S.C. § 401, "[a] court of the United States shall have the power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . .disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

The moving party must establish in a civil contempt proceeding by clear and convincing evidence that "the alleged contemnor violated the court's earlier order." *United States v. Roberts*, 858 F.2d. 698, 700 (11th Cir. 1988). Once the movant is able to present this prima facie showing of contempt, the burden shifts to the alleged contemnor to "produce evidence explaining his noncompliance." *Citronelle-Mobile Gathering, Inc*., 943 F.2d at 1301.

## III. DISCUSSION

The MJ Ministries Defendants have satisfied their burden and demonstrated a prima facie showing of Plaintiff's contempt. As detailed in this Order, Plaintiff was ordered to pay the MJ Ministries Defendants $11,467.50 by December 1, 2024; Plaintiff failed to do so. And, Plaintiff has failed to produce any evidence explaining his noncompliance.

Additionally, the MJ Ministries Defendants allege that on February 26, 2025, Plaintiff attempted to purge himself of contempt by delivering a check for $11,467.50. [Doc. 82 at 3]. However, the MJ Ministries Defendants contend that the check was "delivered to the wrong office" and was made "payable to the wrong party[.]" [*Id.*]. The MJ Ministries Defendants further claim that they requested on March 3, 2025, that Plaintiff wire the money instead; they claim Plaintiff stated the next day that he would comply, but as of the date of this Order, has yet to. [*Id.*].

Indeed, "[t]he court has the power to impose coercive and compensatory sanctions." *Citronelle-Mobile Gathering, Inc.*, 943 F.2d at 1304. "When fashioning a sanction to secure compliance, a district court should consider the character and magnitude of the harm threatened by continued contumacy and the probable effectiveness of any suggested sanction in bringing about the result desired." *Id.* (quotation omitted). A district court has "numerous options" to sanction contempt, including: "a coercive daily fine," "a compensatory fine," "attorney's fees and expenses," and "coercive incarceration." *Id.* (collecting cases). The Court is within its powers to impose any, or all, of those options upon Plaintiff for his failure to comply with this Court's November 2024 Order.

## IV. CONCLUSION

In light of Plaintiff's repeated failure to comply with this Court's Order, Plaintiff is **ORDERED** to pay the MJ Ministries Defendants $6,887.00 in fees and $10.49 in costs, per this Court's February 2025 Order, by May 7, 2025. [Doc. 80] .

As Plaintiff is in still in contempt of this Court's November 2024 Order, Plaintiff is **ORDERED** to pay:

(1) Two Thousand Five Hundred Dollars ($2,500) for his intentional noncompliance; and

(2) An additional Three Hundred Dollars and 00/100 Cents ($300.00) per day beginning from the date of this Order, but not to exceed Fifteen Thousand Dollars and 00/100 cents ($15,000.00), until Plaintiff has purged himself of contempt.

Plaintiff may purge himself of contempt by paying the amount this Court previously awarded to MJ Ministries Defendants, $11,467.50 by May 7, 2025.

Additionally, **IT IS HEREBY ORDERED** that Plaintiff appear before this Court for a hearing to show cause as to why he should not be incarcerated in relation to his repeated and blatant contemptuous acts. The hearing in this case is set for Monday, May 19, 2025, at 9:30 a.m. in Courtroom 1705 of the Richard B. Russell Federal Building located at 2211 United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303-3309.

**IT IS SO ORDERED**, this 7th date of April, 2025.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE